UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTTY JAMES BAILEY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CORRECTIONAL CORPORATION OF AMERICA, LLC; TODD J. MULLINGER; DAVIS W. AGLER, MD; KLINT H. STANDER, MD; DANNY LAMBERT, PA; ACEL THACKER, HSA; TIM WENGLER, WARDEN; BARBARA SAADE; CHESTER PENN; TOM KESSLER; NANCY BAERLACHER-ALYK, RN, CS; OFFICER COX; OFFICER BINGHAM; BRENT REINKE; ZARA MARTIN, RN; RONA SIEGERT; DIANE BAUNE; ANTHONY MEATTE; JOHN and JANE DOES A-XX,<br><br>　　　　　　Defendants. | Case No. 1:12-cv-00434-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Plaintiff, a prisoner in the custody of the Idaho Department of Correction (IDOC),

is represented by counsel in this civil rights action. Plaintiff claims Defendants violated

**MEMORANDUM DECISION AND ORDER - 1**

the Eighth Amendment and committed negligence by failing to ensure that Plaintiff received adequate medical treatment for his complaints of severe pain in the groin area, which was later diagnosed as testicular cancer. Now pending before the Court is a Motion to Dismiss for failure to exhaust administrative remedies filed by Defendants Wengler, Kessler, Thacker, Baerlocher-Alyk, Stander, and Lambert (Dkt. 32).

Having carefully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court will decide this matter on the written motions, briefs and record. D. Idaho L. Civ. R. 7.1(d). Because Plaintiff exhausted available administrative remedies with respect to his current claims, the Court will deny Defendants' Motion To Dismiss.

## BACKGROUND

Plaintiff filed the instant action in August 2012, alleging that he was not provided adequate medical treatment in prison. The Court reviewed the Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and allowed Plaintiff to proceed on his Eighth Amendment claims against Stander, Lambert, Wengler, Kessler, Thacker, and Baerloccher-Alyk, as well as his state law negligence claims against Defendants Stander, Lambert, Wengler, Kessler, Thacker, Baerlocher-Alyk, and Agler. (Initial Review Order, Dkt. 6, at 7.)

Defendants now move to dismiss Plaintiff's claims against Stander, Lambert, Wengler, Kessler, Thacker, and Baerlocher-Alyk, arguing that Plaintiff did not properly

exhaust available administrative remedies with respect to his claims against these Defendants.[1]

## DISCUSSION

1.  **Standard of Law for Exhaustion of Administrative Remedies**

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*, a prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "Proper" exhaustion of administrative remedies is required, meaning that the prisoner must comply "with [the prison's] deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The exhaustion requirement is based on the important policy concern that prison officials should have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id.* at 204.

Failure to exhaust is an affirmative defense that is "subject to an unenumerated

---

[1] After Defendants filed the instant Motion to Dismiss, the Court approved the parties' stipulation to continue discovery during the pendency of the Motion and to vacate the dispositive motion deadline. (*See* Dkt. 35.)

**MEMORANDUM DECISION AND ORDER - 3**

Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In the context of such a motion, a court's consideration of evidence outside of the pleadings does *not* transform the motion to dismiss into a motion for summary judgment. Rather, in deciding a motion to dismiss for failure to exhaust, the Court "may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1120.

The defendant bears the burden of proving failure to exhaust. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). If the defendant does so, "the burden shifts to the plaintiff to show that the administrative remedies were unavailable." *Albino v. Baca*, 697 F.3d 1023, 1031 (9th Cir. 2012). Confusing or contradictory information given to a prisoner "informs [the] determination of whether relief was, as a practical matter, 'available.'" *Brown*, 422 F.3d at 937.

Administrative remedies will be deemed unavailable and exhaustion excused if an inmate shows that the required procedural steps were "not known and unknowable with reasonable effort." *Albino*, 697 F.3d at 1037. A complaint will not be dismissed for failure to exhaust if the prison improperly processed an inmate's grievance, if prison officials misinformed an inmate regarding grievance procedures, or if jail staff took any other "affirmative actions" that interfered with an inmate's efforts to exhaust. *Id.* at 1034, 1039. It is not enough that the prisoner was subjectively unaware of proper grievance procedures; that lack of awareness must also be "objectively reasonable." *Id.* at 1038.

2.  **ICC/IDOC Grievance Process**

ICC follows the IDOC's grievance process, which consists of three stages. First, any inmate with a concern is required to seek an informal resolution by filling out an Offender Concern Form, addressed to the staff person "most capable of responding to and, if appropriate, resolving the issue." (Purcell Decl., Dkt. 32-2, at ¶ 7.) If the issue cannot be resolved informally through the use of a Concern Form, the inmate must then file a Grievance Form. (*Id.* at ¶ 8.)

A Grievance Form must be submitted within 30 days of the incident giving rise to the grievance. When submitting a Grievance Form, the inmate must attach a copy of the Offender Concern Form, showing the inmate's attempt to settle the issue informally. Grievances must contain "specific information including the nature of the complaint, dates, places, and names," and only one issue may be raised in each grievance. (*Id.* at ¶ 9.) When the grievance coordinator receives an inmate grievance, she "assigns the grievance to the staff member most capable of responding to and, if appropriate, resolving the issue." (*Id.*) That staff member responds to the grievance and returns it to the Grievance Coordinator. The Grievance Coordinator then forwards the grievance to a "reviewing authority," usually a deputy warden. (*Id.*)

The reviewing authority reviews the grievance, including the staff member's response, and must deny, grant, or modify the grievance. The Grievance Coordinator then sends the completed grievance back to the inmate. (*Id.*) If the decision on an inmate's

grievance is not satisfactory to the inmate, the inmate may appeal that decision. The "facility head," or the warden, is the person who usually decides an inmate's grievance appeal. (*Id*. at ¶ 11.)

Not until the completion of all three of these steps—Concern Form, Grievance Form, and grievance appeal—is the grievance process exhausted. (*Id.* at ¶ 12.)

3.  **Plaintiff Exhausted Available Administrative Remedies**

Defendants concede that Plaintiff fully exhausted two grievances with respect to his medical treatment. Defendants argue, however, that Plaintiff failed to properly exhaust his claims against Defendants Baerlocher-Alyk, Lambert, and Stander because he did not file these grievances within 30 days "of the last date that these individuals allegedly personally participated in the denial of his medical care." (Dkt. 32-1 at 8.) Defendants further argue that Plaintiff did not exhaust his claims against Defendants Wengler, Kessler, Thacker, and Baerlocher-Alyk, who participated in the denial of Plaintiff's grievances, because Plaintiff did not file an *additional* grievance about these Defendants' responses to his *previous* grievances. For the reasons that follow, the Court concludes that Defendants have not met their initial burden of showing that Plaintiff failed to exhaust.

  A.  *Timeliness of Grievances*

Defendants contend that even though Plaintiff fully exhausted two grievances regarding his claims of inadequate medical treatment, those grievances were untimely as to Defendants Baerlocher-Alyk, Lambert, and Stander because they were filed more than

thirty days after each of these Defendants last participated in Plaintiff's medical treatment.

However, Plaintiff's grievances were not denied as untimely, but on the merits. As this Court has previously explained,

> Courts have uniformly held that "the PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (citing *Hill v. Curcione*, 657 F.3d 116, 125 (2d Cir. 2011); *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010); *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005); *Ross v. Cnty. of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004); *Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000). The rationale for this rule is that "when a state treats a filing as timely and resolves it on the merits, . . . the grievance has served its function of alerting the state and inviting corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

*See Zedeño v. Macias*, Case No. 1:12-cv-00218-EJL, Dkt. 25 at 6 (issued August 26, 2013) (D. Idaho). Because Plaintiff's grievances were not denied as untimely, Defendants may not now rely on the 30-day deadline as a basis for dismissal under the PLRA.[2]

**B.** ***Claims Based on Defendants Wengler, Kessler, Thacker, and Baerlocher-Alyk's Participation in the Grievance Process***

Defendants' second argument—that Plaintiff did not exhaust any claims challenging the adequacy of the grievance process—is without legal basis because

---

[2] In their reply in support of the Motion to Dismiss, Defendants argue for the first time that "Plaintiff failed to name these Defendants in any exhausted grievance." (Dkt. 37 at 2.) The Court declines to address this argument as a basis for dismissal, as it was not raised in Defendants' opening brief. *See Sadid v. Vailas*, 936 F. Supp. 2d 1207, 1224 n.8 (D. Idaho 2013) ("[Defendants] have waived this argument by raising it for the first time in their reply brief.").

**MEMORANDUM DECISION AND ORDER - 7**

Plaintiff does not make any independent grievance-related constitutional claims. Nor could he; the law is clear that "[t]here is no legitimate claim of entitlement to a [prison] grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Sandin v. Connor*, 515 U.S. 472, 484 (1995) (noting that liberty interests are "generally limited to freedom from restraint"). Plaintiff asserts Eighth Amendment and negligence claims for failure to provide adequate medical care, and Plaintiff was required to exhaust only those claims. That Plaintiff has named as Defendants individuals who participated in the administrative grievance process does not transform the nature of his claims.

To the extent Defendants seek dismissal based on the limited roles that Defendants Wengler, Kessler, and Thacker played in the grievance process, the Court concludes that Plaintiff's grievances might have placed a reasonable official on notice that Plaintiff was receiving inadequate medical care. Whether these Defendants acted with deliberate indifference in failing to ensure appropriate medical treatment is a question better considered in a summary judgment context.

## CONCLUSION

Because Plaintiff properly exhausted available administrative remedies with respect to his current claims, the Court will deny the Defendants' Motion to Dismiss.

## ORDER

**IT IS ORDERED** that Defendants Motion to Dismiss (Dkt. 32) is **DENIED**. **Within 30 days** of the date of this Order, the parties shall submit a joint proposed

amended scheduling order to govern the remainder of discovery in this case and to establish a deadline for dispositive motions.



DATED: **February 21, 2014**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge